## BELL'S BOOTERIES, Inc. v. UNITED STATES.

### Civ. No. 814.

United States District Court M. D. Tennessee, Nashville Division.

May 24, 1948.

Cecil Sims and W. W. Berry, of Nashville, Tennessee, for plaintiff.

Courtnay C. Hamilton, Special Assistant to the United States Attorney, Washington, D. C., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

### Findings of Fact

1. The plaintiff Bell's Booteries, Inc. was and is a corporation incorporated and existing under the laws of the State of Tennessee with its principal office and place of business in Nashville, Davidson County, Tennessee.

2. The plaintiff's claim is for the recovery of Federal income taxes alleged to have been erroneously assessed against plaintiff for plaintiff's fiscal year ended July 31, 1942, the amount of the claim being less than $10,000.00.

3. On July 31, 1939, pursuant to due corporate action, plaintiff acquired a farm in Williamson County, Tennessee consisting of approximately 432 acres, from L. H. Brown. The total consideration paid by plaintiff to L. H. Brown for said farm, live stock, crops, improvements, farming implements, etc. was $25,000.00, and of this amount the sum of $21,975.50 represents the actual amount paid for the land itself.

4. On April 20, 1942, after due corporate action, plaintiff sold said farm with improvements, crops, live stock, implements etc. to Ennis E. Murrey and wife, Daisy Houston Murrey, for the total consideration of $13,000.00. Of this amount approximately $12,000.00 represents the actual amount received by plaintiff for the land itself.

5. In selling said farm plaintiff paid a real estate agent a commission of $600.00 on the real estate, hence plaintiff's total loss from the purchase and sale of said farm was $10,575.50.

6. In auditing plaintiff's income tax return for its fiscal year ended July 31, 1942, the Internal Revenue Agent disallowed as a loss deduction the sum of $12,650.00 claimed by plaintiff as a loss from the sale of said farm because: "To disallow loss on sale of farm for the reason that purchase price did not represent true value at the time of purchase."

The Commissioner of Internal Revenue dissallowed said loss as a deduction from plaintiff's income for said year because: "Your contention that the farm you sold in April 1942 had a market value of $25,-000.00 when it was acquired August 1, 1939 has been denied, and the loss of $12,-650.00 claimed thereon has been disallowed."

7. A deficiency assessment was accordingly made against plaintiff because of the non-allowance of said loss of $12,650.00 as a deduction, which resulted in an additional tax of $2,924.99 with interest thereon of $617.60, making a total sum of $3,542.59. Plaintiff paid to the Collector of Internal Revenue at Nashville, Tennessee, the sum of $3,542.59 on May 22, 1946. On June 4, 1946, plaintiff filed with the Collector of Internal Revenue at Nashville, Tennessee, a claim for refund on Form 843 for the sum of $3,542.59. No action was taken by the Commissioner of Internal Revenue on said claim for refund within six months after it was filed.

8. The fair value of said farm without live stock, crops and farming implements in 1938 and 1939 was from $20,000.00 to $22,000.00.

9. The fair value of said farm without live stock, crops and farming implements in April, 1942, was at least $20,000.00, and possibly $25,000.00.

10. The reason plaintiff sold said farm in April, 1942, at a sacrifice was due to a business emergency which required the immediate procurement of additional capital. Shortly before the sale plaintiff had lost its lease and had been forced to obtain a new location and had been required to purchase its own fixtures and equipment, which it had previously been leasing, and in addition plaintiff was required to keep more capital tied up in its charge accounts as its prior lessor had been carrying plaintiff's charge accounts. Under these circumstances plaintiff, with the advice of officers of a local bank, deemed it better business practice to sell said farm at a sacrifice to obtain the needed capital rather than to attempt to borrow additional money at that time.

11. The purchase by plaintiff of said farm from L. H. Brown on July 31, 1939, was an arm's length transaction made in good faith and plaintiff did not intend to and did not acquire anything for its $25,-000.00 other than the land with improvements, live stock, farming implements and crops.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of the action by virtue of the Tucker Act, 28

U.S.C. 41(5) and (20) [1948 Revised Judicial Code, 28 U.S.C.A. §§ 1340, 1346].

2. Said farm in Williamson County, Tennessee, having a fair value in 1939 of what plaintiff paid for it and plaintiff not having paid for anything else besides said farm with the live stock, crops and farming implements, the loss of $10,575.50 sustained by plaintiff from the sale of said farm in April, 1942, was the proper amount of deduction to which plaintiff was entitled.

3. The Court concludes that said deficiency assessment against plaintiff for its fiscal year ended July 31, 1942, in the sum of $2,942.99 tax, with interest thereon in the sum of $617.60, or a total of $3,542.59, was illegal and erroneous. Plaintiff should therefore have judgment against the defendant for the proper sum figured upon a deduction in the amount of $10,575.50 which should have been allowed, with interest thereon at the rate of 6% per annum from May 22, 1946, together with costs of this cause.

Judgment will be entered accordingly.